OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Constitutional Law,* Credit of the Commonwealth, Expenditure of public money, Opinions of the Justices. *Political Committee. Words,* "Substantially."

Legislation appropriating money from the General Fund to be paid to the State committees of the political parties in certain proportions and to be used to defray in part the cost of State wide political campaigns of candidates of the parties in the next State election would not involve giving or loaning the credit of the Commonwealth and would not violate art. 62, § 1, of the Amendments of the Massachusetts Constitution. [790–791]

A question propounded by a branch of the General Court as to the constitutionality of certain legislative action "substantially as provided for" in a specified pending bill must be answered with respect to that bill only, so that the word "substantially" added nothing to the question. [791]

After having answered a question propounded by a branch of the General Court as to the constitutionality of proposed legislation under a particular provision of the Massachusetts Constitution specified in the question, the Justices were not required to consider other possible questions which might arise respecting the proposed legislation under the Massachusetts or Federal Constitutions. [791]

On March 2, 1964, the Justices submitted the following answer to a question propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit this answer to the question set forth in an order adopted by the House on February 24, 1964, and submitted to us on February 26. The order refers to House No. 1482 now pending before the House and entitled, "An Act appropriating a sum of money to be paid to certain political parties for the purpose of defraying part of the cost of the political campaign of such parties in the next state election."

The act in its entirety reads: "There is hereby appropriated from the General Fund the sum of two hundred thousand dollars which shall be paid over to the state committee of each political party in that proportion which the vote cast by each such party in the last state primary bore to the total vote cast therein. Funds so paid shall be used to defray in part the cost of the political campaigns of each such party for the next biennial state election on behalf of candidates to be voted for by all the voters of the commonwealth."

The order states, "Grave doubt exists as to the constitutionality of said bill, if enacted into law."

The question is:

"Is it within the competency of the House of Representatives in view of Article LXII of the Articles of Amendments of the Constitution to authorize the appropriation of the sum of two hundred thousand dollars from the General Fund to be paid over to the state committee of each political party to defray in part the cost of the political campaigns of each such party for the next biennial state election on behalf of candidates to be voted for by all the voters of the Commonwealth, substantially as provided for in said bill?"

Article 62 was adopted by the people on November 5, 1918, following the Constitutional Convention of 1917–1918. It was aimed at borrowing by the Commonwealth. *Ayer* v. *Commissioner of Admn.* 340 Mass. 586, 591. See *Opinion of the Justices,* 337 Mass. 800, 807–808.

The only part of art. 62 of the Amendments to the Constitution of the Commonwealth which seems material is § 1. This reads: "The credit of the commonwealth shall not in any manner be given or loaned to or in aid of any individual, or of any private association, or of any corporation which is privately owned and managed."

Inasmuch as House No. 1482 provides for payments in cash raised by appropriation, there is no giving or loaning of the credit of the Commonwealth. See *Opinion of the*

*Justices,* 337 Mass. 800, 808. Hence, there is no repugnancy to art. 62 in the bill as drawn.

We are not authorized to express an opinion upon questions of policy or the wisdom of proposed legislation. *Opinion of the Justices,* 301 Mass. 615, 617. *Opinion of the Justices,* 314 Mass. 767, 771–772. *Answer of the Justices,* 319 Mass. 731, 734. *Opinion of the Justices,* 344 Mass. 766, 769.

We must answer only with respect to the pending bill. *Opinion of the Justices,* 309 Mass. 631, 641. *Opinion of the Justices,* 313 Mass. 779, 781. *Opinion of the Justices,* 341 Mass. 738, 759. Accordingly, we treat the word "substantially" as adding nothing to the question. The question being so understood, the bill is not open to objection upon the constitutional ground specified.

We do not speculate as to other questions of constitutionality which might arise under the State or Federal Constitutions. The Justices have long been of the opinion that they are not required by our Constitution to answer questions of this kind. *Opinion of the Justices,* 328 Mass. 679, 691. *Opinion of the Justices,* 333 Mass. 773, 782. *Opinion of the Justices,* 333 Mass. 783, 791. In the circumstances, however, we think it prudent to invite the attention of the House to the existence of important questions relating to what is a public purpose (see, for example, *Opinion of the Justices,* 337 Mass. 777, 784). Quite possibly other questions may exist.

Subject to the caveat just expressed, we answer the question, "Yes."

> RAYMOND S. WILKINS
> JOHN V. SPALDING
> ARTHUR E. WHITTEMORE
> R. AMMI CUTTER
> PAUL G. KIRK
> JACOB J. SPIEGEL
> PAUL C. REARDON