OPINION OF THE JUSTICES TO THE
HOUSE OF REPRESENTATIVES.

*Constitutional Law,* "Anti-Aid" amendment, Public purpose, Use of
public money or property, Education, Religion, Equal protection of
laws. *Education.*

An allotment of public money by the Commonwealth to each pupil
attending an elementary or secondary nonpublic school, to be paid
only when indorsed by the payee to the school of the pupil's attendance
would be an indirect "aiding" of such school in violation of § 2 of
art. 46 of the Amendments of the Massachusetts Constitution.
[850]
A finding in a pending legislative bill, that "the minimum educational
development of every resident elementary and secondary school pupil
in the commonwealth serves the public purpose," did not authorize
the Legislature to achieve that purpose by enacting provisions which
would violate § 2 of art. 46 of the Amendments of the Massachusetts
Constitution. [850]
Article 46, § 2, of the Amendments of the Massachusetts Constitution, in
prohibiting the use of public money to aid nonpublic schools, does
not deprive the parents or legal guardians of pupils attending such
schools of their share of public tax funds, nor thereby violate the
First or Fourteenth Amendment of the Constitution of the United
States. [850–851]
An allotment of public money by the Commonwealth to each pupil
attending an elementary or secondary public school, to be paid into
the general fund of the city or town wherein the pupil resides, would
not violate the Massachusetts Constitution. [851–852]

On June 4, 1970, the Justices submitted the following
answers to questions propounded to them by the House of
Representatives.

To the Honorable the House of Representatives of the
Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court
respectfully submit these answers to the questions set forth
in an order of the House adopted on May 4, 1970, and

transmitted to us on May 18. The order recites the pendency before the Committee on Ways and Means of the House of a bill, House No. 5145, a copy of which has been transmitted with the order. The bill is entitled, "An Act to authorize a two-year program of state financial assistance for all elementary and secondary school children in the commonwealth." The order recites that grave doubt exists as to the constitutionality of the bill if enacted into law.

The bill contains four definitions (§ 6): "(a) The term 'private school' means an elementary or secondary school legally constituted under the laws of the commonwealth and accredited by the board of education, which includes within its curriculum all of the necessary subjects which must be taught under the education laws of the commonwealth, even though such schools also teach additional subjects besides those required by the laws of the commonwealth. (b) The term 'Public school' means schools providing free education at public expense, under public supervision and direction and without tuition charge to resident pupils, and which is provided as elementary or secondary school education by a city or town school committee. (c) The term 'School pupils' means pupils in daily attendance at all elementary and secondary schools within the state, both private and public. (d) The term 'elementary and secondary education' shall not include any education provided below grade one or beyond grade twelve."

It is provided in § 1: "It is hereby declared and established that the minimum educational development of every resident elementary and secondary school pupil in the commonwealth serves the public purpose of the commonwealth; that any assistance that can be given by the commonwealth in connection therewith, are public uses and purposes for which the assistance as herein provided may be given and public money expended. There is hereby authorized to be appropriated money for the purpose of making payments as hereinafter provided."

The sum of $100 appropriated pursuant to § 1 shall be

allotted annually to each school pupil attending an elementary or secondary school accredited by the board of education of the Commonwealth to defray part of the cost of his education. The board is authorized to promulgate rules to protect the interest of the child and of the Commonwealth "in carrying out the purpose of this act which is to provide educational opportunities to all children of the commonwealth by granting to such children financial assistance as part payment of their education, but in no event, shall any annual allotment to an eligible school pupil attending a private school exceed the annual tuition charges of the private school allocable to those subjects which are normally taught as part of the public school curriculum, or the average cost of educating a pupil in the local public school system, whichever is the lesser sum." All school children who prior to November 1 of each year do not record their intention to attend a private school shall be presumed to attend, or desire to attend, a public school, and the allotment for them shall be paid by the Commonwealth, prior to the following March 1, to the city or town where such child resides, and payment shall be deposited in the general fund of that city or town. The allotment to an eligible pupil attending a private school shall be made in the form of a voucher drawn upon the Treasurer of the Commonwealth and must be indorsed by the payee to the school and by an authorized official of the school (§ 2). "No allotment shall be used to subsidize courses of religious doctrine or worship" (§ 3).

The bill proposes an effective date of September 1, 1971 (§ 7).

The questions are:

"1. Notwithstanding the provisions of Article XLVI of the amendments to the Constitution of Massachusetts, is it competent for the General Court to enact that portion of Section 1 of said House, No. 5145 whereby it is declared and established that the minimum educational development of every resident elementary and secondary

school pupil in the commonwealth serves the public pur-
pose of the commonwealth?

"2. Notwithstanding the provisions of Articles XLVI
and LXXXIV of the amendments to the Constitution of
Massachusetts, is it competent for the General Court to
enact said House, No. 5145 whereby the commonwealth
shall issue to parents or legal guardians of 'school pupils',
as defined in said House, No. 5145, a voucher allotment
for a stated amount as provided for and payable in ac-
cordance with the provisions of said House, No. 5145
to assist parents or legal guardians who, in the discharge
of their duty under the commonwealth's compulsory
education laws, send their children, to a religious or
private school rather than to a public school, if the re-
ligious or private school meets the secular educational
requirements imposed by the commonwealth?

"3. If the answer to Question No. 2 is in the negative,
then is the provision of the Constitution of Massachu-
setts prohibiting said assistance unconstitutional as
violative of the First and Fourteenth Amendments of
the Constitution of the United States in that in fulfilling
a stated public purpose the parents or legal guardians
of school pupils, as defined in said House, No. 5145,
attending a parochial or private school within the com-
monwealth and accredited by the Massachusetts Board
of Education, are being deprived of their share of public
tax funds?

"4. Would the provision of said House, No. 5145,
providing that an allotment voucher on behalf of school
children attending a public school be paid to a city or
town for deposit into the General Fund of such city or
town, be violative of the Constitution of Massachusetts?"

On May 11 we gave an advisory opinion to the Senate
with respect to a pending bill entitled, "An Act providing
for the purchase by the commonwealth of secular educa-
tional services from nonpublic schools," in which we gave
the answer that purchase by the Commonwealth of secular

educational services from nonpublic schools would violate
the provisions of § 2 of art. 46 of the Amendments to the
Constitution of the Commonwealth. The answer to the
second question here is controlled by that answer of ours.

The present bill seems to us to involve an indirect form
of aid to nonpublic schools which, if enacted, would have
in substance the same practical effect as the measure which
we recently considered. We are of opinion that the present
bill would violate § 2 of art. 46 which provides that "no
grant, appropriation or use of public money or property
or loan of public credit shall be made or authorized by the
commonwealth or any political division thereof for the
purpose of founding, maintaining or aiding . . . any . . .
school . . . or educational . . . undertaking which is not
publicly owned and under the exclusive control, order and
superintendence of public officers or public agents authorized
by the commonwealth or federal authority or both . . . ."

To question 2 we answer "No."

The first question is in the language of the finding of
public purpose in the first sentence of § 1 of the pending
bill. "Clearly popular education is a public purpose."
*Knights* v. *Treasurer & Recr. Gen.* 237 Mass. 493, 496. But
the acceptance of a declaration that "the minimum educa-
tional development of every . . . elementary and secondary
school pupil . . . serves the public purpose" does not mean
that the purpose may be achieved by enacting further
provisions which violate § 2 of art. 46 as does House No.
5145. We beg leave to be excused from making further
answer to question 1.

Our answer to question 2 being in the negative, we con-
sider whether § 2 of art. 46 is violative of the First and
Fourteenth Amendments to the Constitution of the United
States "in that in fulfilling a stated public purpose the par-
ents or legal guardians of school pupils . . . attending a
parochial or private school . . . are being deprived of their
share of public tax funds." In sending a child to school a
parent is not "fulfilling a stated public purpose." The prin-
cipal significance of that phrase in § 1 of the proposed act

and as construed in our answer to question 1 is in the declaration of a legislative public purpose.

There is no deprivation of equal protection of the laws. The parents and their children have equal access to public schools. If the children of any citizen do not choose to attend, no parent is deprived of anything, much less of any "share of public tax funds." A parent has no constitutional right to exemption from taxes for the support of schools or other public services merely because he does not make use of them. As was said in *County of Essex* v. *Newburyport*, 254 Mass. 232, 236, "it is not essential to a valid scheme of taxation that all the people benefit from it in precisely the same degree. No tax system has been devised whereby a perfect equalization of its burdens or an exact distribution of the benefits of expenditure of money raised by taxation can be accomplished."

The form of question 3 seems to us to state ambiguously the sense in which parents who send their children to a nonpublic school are helping to achieve the general public purpose of ensuring the education of young residents of the Commonwealth. There is no basis for implying any right in those parents to reimbursement from public funds for any part of their expenses incurred in exercising a privilege to obtain for their children a nonpublic school education. Omitting any such implication from the question, we answer "No" to question 3.

Question 4 inquires whether payment of an allotment voucher on behalf of school children attending a public school to a municipality for deposit into the general fund of the municipality violates the Constitution of the Commonwealth. The Justices have always felt that they cannot be required to answer general questions as to constitutionality even with reference to a specific bill. *Opinion of the Justices*, 328 Mass. 679, 691. *Opinion of the Justices*, 333 Mass. 773, 782. *Opinion of the Justices*, 333 Mass. 783, 791. *Opinion of the Justices*, 347 Mass. 789, 791. *Opinion of the Justices*, 347 Mass. 797, 798. *Opinion of the Justices*, 349 Mass. 794, 801.

We are willing, however, to state that we observe no violation of the Constitution in respect of payments on account of children attending a public school.

RAYMOND S. WILKINS.
JOHN V. SPALDING.
R. AMMI CUTTER.
PAUL G. KIRK.
JACOB J. SPIEGEL.
PAUL C. REARDON.
FRANCIS J. QUIRICO.