**John J. McDONOUGH, (Plaintiff) Appellant,**

v.

**James P. AYLWARD, Jr., Collector, Jackson County, Missouri, (Defendant) Respondent.**

No. 57003.

Supreme Court of Missouri, Division No. 1.

Oct. 8, 1973.

John J. McDonough, pro se.

Jim T. Reid, Michael D. Fitzgerald, Kansas City, for respondent.

HOLMAN, Judge.

On December 31, 1970, plaintiff paid his real and personal property taxes to the County Collector of Jackson County, Missouri. Amounts totaling $430.25 (primarily school taxes) were paid under protest in accordance with § 139.031 RSMo 1969, V. A.M.S. Thereafter, within the required time, plaintiff filed this suit for the recovery of the taxes so paid under protest. Defendant filed a motion to dismiss based upon the contention that the petition failed to state facts upon which relief could be granted. The trial court sustained the motion and dismissed the cause with prejudice. Plaintiff has duly appealed. We have jurisdiction because the notice of appeal was filed before January 1, 1972, the effective date of new Art. V, § 3, Mo. Const., V.A.M.S., and because construction of the revenue laws and of certain constitutional provisions are involved. We affirm.

It is alleged in the petition that "this plaintiff has, due to the dictates of his conscience, the financial needs of his own children who are of school age, and his responsibility for their educational needs, and his duty to comply with the Missouri Compulsory School Attendance Law, made the decision to have his children attend nongovernmental operated schools offering certain religious and moral training as part of its curricula and offering other amenities incident to religiously or morally oriented private schools"; that "by reason of this decision made by plaintiff, acting within his constitutional rights as a parent to so decide, and in the free exercise of his religion, he has been and is being deprived of family budget monies needed to sustain his own children's vital educational needs, and further he is denied his fair share of his educational tax dollars and thereby economically prevented from his free exercise of religion, and his free exercise of reli-

gion is being impaired and diminished, contrary to the First and Fourteenth Amendments to the United States Constitution and Art. I, § 5, of the Missouri Constitution, and by reason thereof he is entitled to a refund of said taxes."

The petition was filed pro se by plaintiff who apparently is not a lawyer. He has also filed a pro se brief in this court. While the brief does not comply with our rules we have decided, in the exercise of our discretion, not to dismiss the appeal.

■ A motion to dismiss admits material facts well pleaded in the petition. The ruling is ordinarily confined to the face of the petition which is construed in a light favorable to plaintiff. Hall v. Smith, 355 S.W.2d 52 (Mo.1962).

In general it appears to be plaintiff's contention on appeal that he has a First Amendment right to send his children to private religiously oriented schools and that as a practical economic fact the payment of taxes for the operation of public schools interferes with his ability to exercise that constitutional right.

■■ We agree with plaintiff's contention that he has a constitutional right to send his children to a private school and that the State cannot force his children to attend public schools. This is clearly supported by his cited case of Pierce v. Society of Sisters, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070 (1925). The decisions in other cases cited by plaintiff do not support his further contentions. They seem to be cited because they contain isolated statements of which plaintiff approves. For example, in P. E. Harris & Co. v. Mullaney, 87 F. Supp. 248, 252 (D.C.Alaska 1949), it is said that "a legislative body may not, under the guise of exerting the power to tax, accomplish a forbidden end, * * * and the power to tax is the power to destroy." In Cole v. Pond Fork Oil & Gas Co., 127 W. Va. 762, 35 S.E.2d 25, 29 (1945), it is stated that "[while] the power of taxation vested in the Legislature by the Constitu-

tion is broad, this is not to say that that power is unlimited, because other provisions of the Constitution are just as binding and effective as are those pertaining to the taxing power of the Legislature * * *." Shannon v. Streckfus Steamers, 279 Ky. 649, 131 S.W.2d 833 (1939), is cited for the proposition that a state is free to exercise its taxing powers unless it interferes with a direct and substantial federal right.

It seems to us that the constitutional provisions and the rulings in cases which prohibit this state from using public funds to aid religious schools are dispositive of the question here presented. This because, while plaintiff does not directly seek that relief, he, in another manner, seeks to accomplish the same end. In other words, instead of seeking public support for religious schools, plaintiff seeks a ruling exempting taxpayers who do support such schools from the payment of taxes for the support of public schools.

Missouri Constitution, Art. 9, § 8, provides:

"Neither the general assembly, nor any county, city, town, township, school district or other municipal corporation, shall ever make an appropriation or pay from any public fund whatever, anything in aid of any religious creed, church or sectarian purpose, or to help to support or sustain any private or public school, academy, seminary, college, university, or other institution of learning controlled by any religious creed, church or sectarian denomination whatever; nor shall any grant or donation of personal property or real estate ever be made by the state, or any county, city, town, or other municipal corporation, for any religious creed, church, or sectarian purpose whatever."

That section was held not to violate either the First or Fourteenth Amendments of the U. S. Constitution in Brusca v. State of Missouri ex rel. State Board of Education, 332 F.Supp. 275 (Mo.1971), affirmed,

405 U.S. 1050, 92 S.Ct. 1493, 31 L.Ed.2d 786. In Brusca, parents of school age children attending religious schools sought to compel the state to use public funds to aid such schools. In ruling adversely to that contention the court stated:

"We find nothing arbitrary or unreasonable in the determination of the State to deny its funds to sectarian schools or for religious instruction. * * * All children of every or no religious denomination have the same right to attend free secular public schools maintained with tax funds. The fact that a child or his parent for him voluntarily chooses to forego the exercise of the right to educational benefits provided in the public school systems does not deprive him of anything by State action. *Nor does a tax-paying parent who chooses to send his children to a religiously-oriented school have a constitutional right to any credit for his taxes which support the public schools simply because he will not or cannot make use of them.* Other taxpayers—e. g., bachelors, childless couples, corporations—pay taxes for the support of schools and receive no more benefit from such tax payments than do the parent-plaintiffs who forego sending their children to free public schools.

'No one conscious of religious values can be unsympathetic toward the burden which our constitutional separation puts on parents who desire religious instruction mixed with secular for their children. They pay taxes for others' children's education, at the same time the added cost of instruction for their own. Nor can one happily see benefits denied to children which others receive, because in conscience they or their parents for them desire a different kind of training others do not demand.' Everson v. Board of Education, 330 U.S. 1, 58, 67 S.Ct. 504, 532, 91 L.Ed. 711 (Mr. Justice Rutledge, dissenting). That the result of the voluntary choice of parent-plaintiffs is to impose an economic burden upon them is not, however, violative of the Fourteenth Amendment." (Emphasis ours.)

Another case of similar nature is Opinion of the Justices, 357 Mass. 846, 259 N.E.2d 564, 567 (1970), in which the court stated the following:

"There is no deprivation of equal protection of the laws. The parents and their children have equal access to public schools. If the children of any citizen do not choose to attend, no parent is deprived of anything, much less of any 'share of public tax funds.' *A parent has no constitutional right to exemption from taxes for the support of schools or other public services merely because he does not make use of them.* As was said in County of Essex v. Newburyport, 254 Mass. 232, 236, 150 N.E. 234, 236, 'it is not essential to a valid scheme of taxation that all the people benefit from it in precisely the same degree. No tax system has been devised whereby a perfect equalization of its burdens or an exact distribution of the benefits of expenditure of money raised by taxation can be accomplished.'" (Emphasis ours.)

Upon the same general subject, see also Harfst v. Hoegen, 349 Mo. 808, 163 S.W. 2d 609 (1942).

It is true that the payment of school taxes will decrease the amount of money available to plaintiff for his other expenses, including the cost of sending his children to private schools. However, all other taxes, including income tax, produce the same result. If plaintiff's theory is valid, then all taxes would be unconstitutional.

We think it is obvious that none of the constitutional provisions heretofore mentioned afford any basis for a ruling that citizens who are paying the expense of sending their children to private schools are exempted from payment of taxes for support of public schools. In addition to the cases heretofore cited, see the following cases recently decided by the Supreme Court of the United States: Committee for

Public Education and Religious Liberty et al. v. Nyquist, 413 U.S. 756, 93 S.Ct. 2955, 37 L.Ed.2d 948 (1973), and Sloan v. Lemon, 413 U.S. 825, 93 S.Ct. 2982, 37 L. Ed.2d 939 (1973).

We rule that plaintiff's petition does not state a claim for relief and hence the trial court ruled correctly in dismissing it.

Judgment affirmed.

SEILER, J., concurs.

BARDGETT, P. J., concurs in result.