The State ex rel. Schroeder & Tremayne, a Corporation, v. George F. Haid et al., Judges of St. Louis Court of Appeals.—41 S. W. (2d) 789.

Division One, September 5, 1931.

*Ralph T. Finley* and *Jones, Hocker, Sullivan & Angert* for relator.

*W. H. Douglass, John H. Bradley* and *C. O. Inman* for respondents.

810

FRANK, J.—This case comes to the writer on reassignment. It is a certiorari proceeding in which relator seeks to quash an opinion of the St. Louis Court of Appeals in the case of Cushulas v. Schroeder & Tremayne, Inc. In that case plaintiff recovered a default judgment for alleged personal injuries, which was affirmed by the St. Louis Court of Appeals. The only question urged in the Court of Appeals and here, is whether or not plaintiff's petition stated a cause of action. That part of the petition here in question reads as follows:

"Plaintiff for his cause of action states that on the —— day of February, 1924, he was at work for the defendant in the basement of its plant on North Fourth Street, in the city of St. Louis, Missouri, engaged in assisting to move a large, heavy press; that while thus engaged plaintiff was caused to fall on the floor of the basement and said heavy press fell upon plaintiff, whereby plaintiff sustained serious and permanent bodily injuries (describing them).

"Plaintiff further states that said injuries were directly caused by the negligence of defendant."

No attack was made upon the petition in the court below. The defendant did not appear and judgment by default was rendered in plaintiff's favor. The gist of the Court of Appeals' holding is that the petition did not wholly fail to state a cause of action; that it charged general negligence, and in the absence of a reasonable and proper objection thereto in the court below, it was good after verdict and sufficient to support a judgment.

Relator contends that the judgment of the Court of Appeals holding the petition good after verdict contravenes decisions of this court which hold: (a) that a mere allegation that plaintiff's injuries were caused by the negligence of defendant is insufficient; (b) that plaintiff's petition must contain a plain and concise statement of the facts constituting a cause of action; (c) that negligence cannot be alleged

as a mere conclusion of the pleader; (d) that a pleading of the mere happening of the accident and the resulting injury does not authorize a conclusion of negligence; (e) that by failing to answer defendant admitted only the traversable allegations of the petition and was not precluded if the petition did not state a cause of action; (f) that the Statute of Jeofails (Secs. 1257 and 1550, R. S. 1919) does not authorize a court to hold a petition good after verdict when it fails to state fact constituting the negligence relied upon, and (g) that a valid judgment must be based upon a sufficient petition, and that question may be raised for the first time in the appellate court. Relator cites forty-six cases in support of these various contentions. Without discussing these cases, it may be conceded that they hold what relator contends they hold, but they have no application to this case for the reasons hereafter stated.

Our view of the instant case is that the petition charged general negligence. A charge of general negligence which is not challenged in the court below by motion to make more definite and certain, or otherwise, is good after verdict and will support a judgment. Neither of the cases cited by relator hold otherwise. So if we are correct in our conclusion that the petition charged general negligence, a review of the cited cases is not necessary. Relator concedes that if the petition had charged that the defendant negligently caused the heavy press to fall upon the plaintiff, it would have been sufficient as charging general negligence, but contends that the petition does not so allege. If relator is right in this contention, the opinion contravenes the cases above cited and should be quashed. On the other hand, if the petition charges general negligence, the opinion is correct and our writ should be quashed.

In an action founded on negligence, it is not indispensable that plaintiff set out the facts constituting the negligence. If the petition specifies the act, the doing of which caused the injury, and avers generally that such act was negligently done, the petition is sufficient. Such a petition would be subject to a motion to make more definite and certain, but in the absence of such an attack, it would be good after verdict. [Schneider v. Railroad, 75 Mo. 295; Mack v. Railroad, 77 Mo. 232; Kramer v. Kansas City Power & Light Co., 279 S. W. 49; State ex rel. Hopkins v. Daues, 6 S. W. (2d) 897, 898.] Relator does not question this rule, but contends that the petition in the instant case does not charge the defendant with any act of omission or commission. In other words, the contention is that the petition does not allege generally or otherwise, that the falling of the heavy press upon the plaintiff was caused by the negligence of defendant. The result of this case hinges upon the proper determination of this contention.

Since the petition was not attacked in the court below, every intendment must be indulged in its favor. The rule by which its suf-

ficiency should be tested was well stated by this court in Bowie v. Kansas City, 51 Mo. 454, 460, 461, in the following language:

"The petition in this case was inartificially drawn, and a motion to make it more definite and certain ought perhaps to have been sustained, if such a motion had been made. And it may be that the petition would have been held bad on demurrer, for it is clear that some of the facts which regularly ought to have been averred, are only to be implied or inferred from averments or statements made. The rule in such case is, that if a matter material to plaintiff's cause of action be not expressly averred in the petition, but the same be necessarily implied from what is expressly stated therein, the defect is cured by verdict. [Shaler v. Van Wormer, 33 Mo. 386; Frazer v. Roberts, 32 Mo. 457.] This doctrine is founded upon the presumption that the plaintiff has proved on the trial the facts insufficiently averred."

Measured by this rule, the petition in the instant case states a cause of action. It is true the petition does not allege, in express terms, that defendant negligently caused the press to fall upon plaintiff and injure him, but it does allege that the heavy press fell upon plaintiff whereby he sustained serious and permanent injuries (describing them). It then alleges that said injuries were directly caused by the negligence of defendant. If, as the petition alleges, plaintiff's injuries were caused by the falling of the press, and if, as alleged, his injuries were caused by the negligence of defendant, does it not logically follow that the press was caused to fall by the negligence of defendant? In line with what was said in Bowie v. Kansas City, supra, we hold that the petition, impliedly at least, alleges that defendant negligently caused the press to fall. This is a charge of general negligence, and if the defendant desired to know what particular negligent act or acts the plaintiff intended to claim caused the press to fall, it should have, by proper motion in the court below, requested that court to require plaintiff to so state in his petition. Having failed to do so, the petition was good after verdict. The Court of Appeals so interpreted it.

Our task is not to determine the sufficiency of the petition as an original proposition, but to determine whether or not the Court of Appeals' interpretation of the petition conflicts with prior controlling decisions of this court. While we have expressed our views as to the sufficiency of the petition, we have done so in the light of our former decisions and do not find any conflict.

For the reasons stated, our writ was improvidently issued and should be quashed. It is so ordered. All concur.