JAMES T. McGEE, JR., Respondent, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.

First Department, March 27, 1962.

*Robert L. Ellis* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for appellant.

*Morris G. Zirin* of counsel (*Bannigan & Zirin,* attorneys), for respondent.

*Per Curiam.* Defendant appeals from a judgment upon a verdict, as reduced in amount by stipulation from $15,000 to $8,500, in plaintiff's favor after a trial before a jury. The action was brought to recover damages for personal injuries suffered by plaintiff, a high school teacher employed by defendant, in an accident occurring during a baseball practice session.

Because of his interest and experience in playing baseball, plaintiff, a teacher of accounting and business practice, was assigned by the school principal to assist the regular coach of the student baseball team. He took the assignment voluntarily; indeed, it appears he actively sought it. He was to help train the pitchers.

On the day the accident occurred, plaintiff reported for practice at an athletic field where a temporary diamond had been laid out. According to plaintiff's testimony, the bases were

only about 80 feet apart instead of the regulation 90 feet. This, it was testified, meant that the pitcher, while in position, would stand on a direct line between first and third bases.

Plaintiff was injured in the course of a practice routine in which the head coach, standing at home plate, would toss the ball in the air and bunt it along one of the baselines or toward the pitcher. A player, standing near home plate, would run toward first base, and the infielders, including the pitcher, would seek to field the bunt and put the runner " out ". While this routine continued, plaintiff stood about four or five feet behind the pitcher's position and advised the pitcher what to do. His injuries resulted when a ball thrown by the first baseman toward third base struck him in the face.

The first baseman, called as a witness for plaintiff, testified that the ball had been thrown to him by the third baseman after fielding a bunt. A runner who had reached second base in a previous play ran toward third. The shortstop ran over to cover third base, and, upon someone shouting " Get the man at third ", or words to that effect, the first baseman threw the ball toward third base. The ball struck plaintiff while his attention was directed toward the pitcher standing in front of him.

The first baseman recalled that it was the head coach who had called out, directing him to throw the ball to third base. He had not, on previous occasions during the practice routine, thrown the ball to another base but, rather, had returned the ball to home plate for the next bunt by the head coach.

Plaintiff seeks to sustain the judgment on the grounds that the head coach, an employee of defendant, was negligent in conducting the practice session on a diamond of nonregulation size, without adjusting precautions, and in suddenly directing a departure from the practice routine while plaintiff's attention was distracted, thereby exposing him to the hazard of being hit by a thrown ball.

For reasons to be stated, plaintiff's grounds do not suffice to support the recovery, and the judgment must be reversed and the complaint dismissed.

Generally, the participants in an athletic event are held to have assumed the risks of injury normally associated with the sport (*Kimbar* v. *Estis,* 1 N Y 2d 399, 404; *Curcio* v. *City of New York,* 275 N. Y. 20, 23–24; *Murphy* v. *Steeplechase Amusement Co.,* 250 N. Y. 479, 482–483; Prosser, Torts [2d ed.], pp. 307, 308). Players, coaches, managers, referees and others who, in one way or another, voluntarily participate must accept the risks to which their roles expose them. Of course, this is not to say that actionable negligence can never be committed on a

playing field. Considering the skill of the players, the rules and nature of the particular game, and risks which normally attend it, a participant's conduct may amount to such careless disregard for the safety of others as to create risks not fairly assumed. But it is nevertheless true that what the scorekeeper may record as an "error" is not the equivalent, in law, of negligence.

In short, the mere fact that there is risk in an activity, or even a greater risk because of the particular mode in which the activity is performed, does not alone permit the inference of negligence. What is necessary is to "determine whether the magnitude of the risk outweighs the value which the law attaches to the conduct which involves it" (Restatement, Torts, § 283, *Comment c*). Under the cases it is quite clear that the voluntary assumption of the risks inherent in or adherent to an activity, not unreasonably increased or concealed, does not ground liability.

In this case, the proof does not warrant the conclusion that the nonregulation size and layout of the diamond materially increased the hazards to which plaintiff was exposed. Standing four or five feet behind the pitcher's position, he was not on a direct line between first and third base. Indeed, if standing in the same relative position on a regulation diamond, he would have been even closer to a direct line between the two bases. In any event, because of the prospect of inaccurate, or even wild, throws by these high school players, it cannot be said that a difference of a few feet in the position taken by plaintiff, or in the size and shape of the diamond, appreciably affected the hazards involved. And just as the participant assumes the risks from the players' lack of skill in the sport, so too he is ordinarily held to have assumed the risks created by the conditions of the particular playing area, even though it does not meet "official" or "regulation" standards (see *Lobsenz v. Rubinstein*, 258 App. Div. 164, affd. 283 N. Y. 600; *Maltz v. Board of Educ. of City of N. Y.*, 32 Misc 2d 492, affd. 282 App. Div. 888; *Scala v. City of New York*, 200 Misc. 475, 479).

No contention is made that it was improper or negligent for the head coach to direct that plaintiff stand behind the pitcher, although it is obvious that he was thereby exposed to some risk of being hit by a thrown or batted ball. The head coach and the players could reasonably expect that plaintiff, an experienced player, would be alert to the dangers. Thus, when the call was shouted to "Get the man at third", neither the head coach nor the first baseman would have had any occasion to warn plaintiff, or anyone else, to watch out for the throw. The

athlete's maxim, "keep your eye on the ball", was just as applicable in this situation as in a regular game.

Moreover, even in supervising these relatively inexperienced players, the head coach would have no reason to expect that the first baseman would follow his instructions blindly and throw the ball in the direction of one who was visibly inattentive. Indeed, it might have been reasonably anticipated that the first baseman would shout out to alert plaintiff as he threw. But in the excitement of the play, even the first baseman's actions can hardly be deemed negligent. His failings, as best, can only be deemed an " error ", albeit an unfortunate one.

Accordingly, the judgment should be reversed, on the law and the facts, the verdict vacated, and the complaint dismissed on the law, with costs to defendant-appellant.

BREITEL, J. P., RABIN, VALENTE, EAGER and STEUER, JJ., concur.

Judgment unanimously reversed, on the law and the facts, the verdict vacated, and the complaint dismissed on the law, with costs to defendant-appellant. Settle order on notice.