Rollie D. BALLEW, Appellant,

v.

Paul SCHLOTZHAUER, Respondent.

No. 56616.

Supreme Court of Missouri,
Division No. 1.

April 9, 1973.

Dale Reeseman, Larry E. Tate, Boonville, for appellant; Williams, Reesman & Tate, Boonville, of counsel.

W. F. Daniels, Fayette, for respondent.

BARDGETT, Judge.

This is a motor vehicle personal injury case. Plaintiff-appellant appeals from an adverse judgment entered on a jury verdict in favor of defendant. The amount involved is $95,000 and the appeal was taken prior to January 1, 1972. This court has jurisdiction. Sec. 477.040 RSMo 1969, V.A.M.S. Art. V, § 31(4), Mo.Const.1945, as amended 1970, V.A.M.S.

On the afternoon of December 12, 1964, the New Franklin Lions Club sponsored a Christmas parade in downtown New Franklin, Missouri. All participants in the parade were volunteers. Plaintiff portrayed Santa Claus and was riding on the bed of a flatbed truck owned and operated by defendant. The truck had no side boards but did have a front-end gate on the bed at the cab end. The bed was 13 feet long by 8 feet wide and on it were boxes of candy treats for the children.

The parade proceeded east on Broadway. Plaintiff was riding on the bed of the truck waving to the children and at a certain point the truck stopped and treats were handed out to the children. The truck then again proceeded east on Broadway. Plaintiff was not holding on to supports. Two other men were also on the truck bed. They were close to the cab end and holding on to the end gate or the cab. In prior years plaintiff rode on the flat-bed truck, portraying Santa Claus in the same way as on the instant occasion. The truck was traveling about two to three miles per hour behind a marching band, and it was expected to make a "U" turn at the east end of Broadway. Up to this point everything proceeded in the manner it had in previous years and without incident. As the truck proceeded into the "U" turn, plaintiff fell off the truck bed and was injured. There was evidence that defendant knew the other

two men were holding on to the front-end gate and believed plaintiff was waving to the children because that is what the plaintiff had always done. Defendant testified he didn't know if plaintiff was holding on to anything but defendant wanted to be especially careful in driving the truck because he presumed plaintiff would be waving to the children.

There was evidence that as the truck reached the east end of Broadway the defendant, without warning, accelerated and the truck cut or turned to the right and then to the left with a jerk or jolting motion making a sudden turn, and this movement threw plaintiff off balance and off the truck bed. Defendant testified that he did not accelerate the truck and there was no jerk or sharp turn to the right or left, but that upon reaching the east end of Broadway he made a slight turn to the right and then began to make the left turn when plaintiff fell off the truck bed.

Plaintiff contends the court erred in giving instruction No. 6—the contributory negligence instruction. This instruction authorized, by one of its disjunctive submissions, a verdict for defendant if the jury found that plaintiff rode "upon an open truck bed"; that in so doing plaintiff was negligent, and that such negligence directly caused or directly contributed to cause any damage to plaintiff. In short, the jury was told it could premise a finding of contributory negligence upon the single fact that plaintiff was present on the flat-bed truck. The issue on this appeal is whether or not there was sufficient evidence from which the jury could find that the act of being on the flat-bed truck was a *negligent* act. The word "negligent" is emphasized because there is no question as to whether or not plaintiff was, as a matter of fact, on the flat-bed truck. Plaintiff's presence on the flat-bed truck was pleaded and proved by plaintiff and constituted, in part, the basis for plaintiff's claim and was also part of defendant's evidence.

However, whether the sole fact that plaintiff rode on the bed of the truck was a sufficient factual basis to premise a finding of contributory negligence depends upon the surrounding facts and circumstances in evidence. The issue as presented in this case is similar to that presented in Turpin v. Shoemaker, 427 S.W.2d 485 (Mo.1968). There two adults engaged in a "quick draw" contest believing that both guns were unloaded but, unfortunately for Turpin, Shoemaker's gun was loaded and Turpin was killed. The jury found for defendant Shoemaker, and on appeal one of plaintiff's points was that the court erred in submitting an instruction which authorized a determination of contributory negligence if the jury found that Turpin "[v]oluntarily engaged as a participant in and engaged in a 'quick draw' contest with real firearms." The court held that contributory negligence was a submissible issue under the evidence but did not approve of the instruction by which the issue was submitted, stating at 491, "The real contributory negligence, if there was any, was the act of engaging in the contest without making a reasonable investigation of the status of defendant's revolver." In short, the court held under the facts in evidence that the mere fact of engaging in the quick-draw contest with real firearms was not a sufficient hypothesis upon which to predicate contributory negligence.

In the instant case the parts to be played by those participating in the parade, particularly the truck driver (defendant) and Santa Claus (plaintiff), were well understood by all concerned from prior years of participating in the same event. It was known to plaintiff and defendant and others that the truck would proceed very slowly and that Santa Claus would be waving to the children from his position on the bed of the truck. Thus, in this case, the *presence* of plaintiff on the bed of the truck is the same as *engaging* in the quick-draw contest in Turpin, *supra*. In Turpin the court held that under the evidence in that case a jury could have found that Turpin should have anticipated a likelihood of danger so as to cause him to make a reasonable inspection of the status of Shoemaker's

gun. In the instant case, the jury could under the evidence find that plaintiff should have anticipated the likelihood of danger of falling off the truck so as to cause him to hold on to something but, under the questioned submission, the jury was not required to so find as a predicate of contributory negligence.

Parades are usual in cities and towns throughout this and other states and occur as part of the festivities attending the celebration of various holidays and other civic, religious, and school events. It is a common practice for participants to ride upon the beds of truck or trailers in parades and, of course, it is expected that the participants would exercise care for their own safety and the safety of others commensurate with the circumstances in the course of their participation in the parade. No authorities are cited which hold that the mere act of riding upon an open-bed vehicle in controlled events, such as the parade in the instant case, is a sufficient factual predicate upon which a finding of contributory negligence could reasonably be based.

Defendant cites McManus v. Rogers, 173 F.Supp. 118 (D.C.1959), Smith v. Ozark Water Mills Co., 215 Mo.App. 129, 238 S.W. 573 (Mo.App.1922), and cases from other jurisdictions in support of his propositions that instruction No. 6 was a proper submission and that plaintiff was contributorily negligent as a matter of law and assumed the risks of the operation of the truck. These cases are termed "fender cases" as descriptive of the common element appearing in them, to wit, the plaintiff was riding on the outside of a motor vehicle. These cases are not factually analogous to the case at bar, however, because none of them involved a factual situation where it was understood that the vehicle would be moving in a parade at a very slow speed in a closely controlled situation, and the parts to be played by and the location of the participants were known by all involved.

■ The court holds that under the evidence in this case it cannot be said that reasonable people could conclude that the mere act of riding upon the flat-bed truck, without more, was a negligent act and, therefore, it was error to authorize a finding of contributory negligence on that act alone. The court erred in giving instruction No. 6.

■ Defendant contends that the manner in which plaintiff rode on the truck, to wit, without holding on, convicts plaintiff of contributory negligence as a matter of law. In support of this contention defendant cites the cases noted supra and additionally McClure v. Koch, 433 S.W.2d 589 (Mo.App. 1968); Hurst v. Chase Hotel, Inc., 421 S.W.2d 532 (Mo.App.1967); and Ecker v. Big Bend Bank, 407 S.W.2d 45 (Mo.App. 1966). All of these latter cases involve a plaintiff allegedly falling due to some claimed unsafe static condition on certain premises; in each case the court held that the defendant was entitled to judgment as a matter of law because the danger was as open and obvious to plaintiff as it was to defendant and, therefore, there was no duty upon defendant to warn of the danger.

In the instant case it is not claimed that plaintiff was injured due to conditions existing when he boarded the truck, or to the usual movement of the truck, or to any condition that existed for any length of time prior to the injury. Rather it is claimed that plaintiff was injured by reason of defendant's affirmative conduct in *suddenly* turning the truck *without prior warning* to plaintiff. That act—the sudden turn—was not open or obvious for, if it did occur, it was a momentary event which could not be known until it happened unless the truck driver notified others that he was going to make that kind of a turn.

The court holds that upon the record here the plaintiff was not contributorily negligent as a matter of law because of the manner in which he rode on the truck but, as indicated supra, that issue could be submitted to the jury in a proper contributory negligence instruction.

Turpin v. Shoemaker, *supra*, contains an exhaustive discussion of the assumption-of-

risk rule and questions its viability in Missouri negligence cases. It will not be repeated in its entirety here. Suffice it to note that the court in Turpin, *supra*, stated 427 S.W.2d at 489, "It involves a knowledge of the danger and an intelligent acquiescence in it, whereas contributory negligence arises out of some departure from the standard of reasonable conduct."

 In the instant case it cannot be said that plaintiff had knowledge that defendant would make a sudden turn and there is nothing to indicate plaintiff acquiesced in the danger attending that act, if it did occur. Assumption of risk is not, on the record here, applicable to this case.

Defendant contends that plaintiff and defendant were "volunteers" and, therefore, defendant owed no duty to plaintiff. Plaintiff was a passenger on a motor vehicle operated by defendant and defendant knew plaintiff was present on the truck. The truck was being operated on the public streets of New Franklin, Missouri. The defendant was required to exercise the highest degree of care in the operation of the motor vehicle. Sec. 304.010 RSMo 1969. The point is ruled against defendant.

Defendant contends that plaintiff failed to allege and prove that defendant had knowledge of plaintiff's peril and, therefore, there was no duty to warn plaintiff of the impending turn. The record contains sufficient evidence from which the jury could find that defendant knew or, in the exercise of the highest degree of care, should have known that plaintiff was waving to the children and not holding on. There was no challenge to the pleadings and, therefore, Berry v. City of Springfield, 13 S.W.2d 552 (Mo.1929), which was an appeal following a trial court's action in sustaining defendant's demurrer to the pleadings, is not in point. This contention is ruled against defendant.

The court need not rule the question as to whether the form employed in instruction No. 6 constituted a prejudicially impermissible deviation from the form required by MAI. Suffice it to say that the instruction was grammatically incorrect, perhaps confusing, and did deviate from the form required by MAI. On retrial the instruction can be corrected so as to conform to MAI.

The judgment is reversed and the cause remanded for new trial.

*All of the Judges concur.*