Gary Lee CHANEY, Jr., an Infant, by His Next Friend and Natural Mother, Diana Kay CHANEY, Appellants,

v.

John CRETEN, Mabel Creten, Roger D. Sorensen and Marcie Sorensen, d/b/a Skateland, and Frank Bernard, Respondents.

No. WD 33801.

Missouri Court of Appeals, Western District.

June 28, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Sept. 28, 1983.

Theodore M. Kranitz, St. Joseph, for appellants.

Steven L. Stevenson, St. Joseph, for respondent Skateland.

Errol D. Taylor, St. Joseph, for respondent Bernard.

Before TURNAGE, P.J., and PRITCHARD and KENNEDY, JJ.

KENNEDY, Judge.

Plaintiffs mother and son appeal from an adverse verdict and judgment in their lawsuit for damages for injuries sustained by son in a collision between himself and another skater, defendant Frank Bernard, as the two of them were skating at a skating rink operated by defendants John Creten, Mabel Creten, Roger D. Sorensen and Marcie Sorensen, d/b/a Skateland.

The submitted negligence of defendant Frank Bernard was his skating backward.

The submitted negligence of defendant Skateland, as we shall call the four defendants Creten and Sorensen collectively, was its failure to supervise the skating rink so as to prevent Bernard's skating backward.

Plaintiff Gary Lee Chaney at the time of the accident was seven years of age. He was a guest at a friend's birthday party held at Skateland, a public roller-skating rink operated by defendants Creten and Sorensen. Seventeen-year-old Frank Bernard was also skating at the rink on this afternoon, although he was not a guest at the birthday party. As he was skating backwards he collided with Gary Lee Chaney causing serious injuries to the younger boy.

Plaintiffs claim upon this appeal that the court erred in excluding upon motion in limine certain testimony that defendant Bernard had on earlier occasions been cautioned about skating backward and threatened with exclusion from the rink, and also that he had been denied the privilege of using the rink facilities after his collision with plaintiff Gary Lee Chaney. The excluded testimony by Mary Bringus, manager of Skateland, would have been that on two occasions she had reprimanded him for "[s]kating backwards without watching where he should be going." The most recent of these, according to her testimony, had been two weeks to a month before the accident. Defendant Bernard himself stated in a deposition (his testimony on this point was likewise excluded) that the last reprimand had been one week before the incident. His testimony in the deposition was: "I got warnings to slow down, quit weaving. I was turning around. She called it weaving .... I was warned to watch out where I was going, or I wasn't going to be allowed to go backwards." The record does not show when the earlier of the two occasions was.

The judgment is reversed and the case remanded for a new trial as to defendant Bernard, and affirmed as to Skateland.

■ The excluded evidence was admissible as against defendant Bernard and it was error to exclude it. The warnings and admonitions he had received tend to show his knowledge of the danger posed by his skating backward. The principle is thus stated in 57 Am.Jur.2d *Negligence* § 72 (1971):

As hereinbefore stated, the duty to use care is based upon actual or imputed knowledge of danger. It is also true that the care which must be exercised in any particular situation is in proportion to the actor's knowledge, actual or imputed, of the danger to another in the act to be performed.

See also *Komeshak v. Missouri Petroleum Products Co.,* 314 S.W.2d 263, 270 (Mo.App. 1958); 65A C.J.S. *Negligence* § 233 (1966).

This principle makes admissible the warnings and admonitions earlier given to defendant Frank Bernard.

In so holding we take account that defendant Bernard was 17 years old at the time of the accident. The jury was entitled to consider the fact of recent warnings and admonitions to a youngster of that age, who otherwise might be excused from the consequences of his conduct on the ground of his immaturity. This thought is pointed up in the language of Commissioner Houser in a case where a youthful plaintiff's *contributory* negligence was in issue:

We restate with approval what was said in *Burger v. Missouri Pac. R. Co.,* 112 Mo.

238, 20 S.W. 439, l.c. 441, in a strikingly similar factual situation: "Common experience and observation teach us that due care on the part of an infant does not require the judgment and thoughtfulness that would be expected of an adult person under the same circumstances. In the conduct of a boy, we expect to find impulsiveness, indiscretion, and disregard of danger, and his capacity is measured accordingly. A boy may have all the knowledge of an adult respecting the dangers which will attend a particular act, but at the same time he may not have the prudence, thoughtfulness, and discretion to avoid them which are possessed by the ordinarily prudent adult person. Hence the rule is believed to be recognized in all the courts of the country that a child is not negligent if he exercise that degree of care which, under like circumstances, would reasonably be expected of one of his years and capacity. Whether he used such care in a particular case is a question for the jury. Beach, Contrib. Neg. § 117; *Eswin v. [St. Louis, I.M. & S.] Railway Co.,* 96 Mo. [290] 295, 9 S.W.Rep. 577; *O'Flaherty v. [Union] Railway Co.,* 45 Mo. 70; *Plumley v. Birge,* 124 Mass. 57; *Meibus v. Dodge,* 38 Wis. 300; [Western & A.] *Railroad Co. v. Young,* 81 Ga. 397, 7 S.E.Rep. 912."

The court went ahead to say:

Although he had been warned not to get on the trains and although some three years after the event he testified that he knew it was dangerous, it was for the jury to determine whether at the time he reasoned with respect to the danger. If he considered it at all, "the degree of danger would be as likely to attract as to repel him." *Rauch v. Lloyd & Hill* (1858) 31 Pa. 358, 371.

*Dodwell v. Missouri Pacific Railroad Co.,* 384 S.W.2d 643, 648–49 (Mo.1964). See also *Prater v. Burns,* 525 S.W.2d 846, 852 (Tenn. App.1975).

■ The respondents defend the trial court's exclusionary ruling on the ground of the *remoteness* of the warnings. They cite cases which apply the principle that prior acts of negligence are generally inadmissible to show the actor negligent on the occasion in question. *Wehrkamp v. Watkins Motor Lines, Inc.,* 436 S.W.2d 698 (Mo.1969); *McComb v. Vaughn,* 358 Mo. 951, 218 S.W.2d 548 (1949); *Harter v. King,* 259 S.W.2d 94 (Mo.App.1953). It is true, of course, that Bernard's earlier negligent acts could not be shown for the purpose of showing his negligence on this occasion. But the warnings and admonitions, although inadmissible on that issue, were admissible to show his knowledge and his appreciation of the danger involved in skating backward. If the evidence is admissible on any issue, it is not to be excluded because it would be inadmissible on another issue in the case.

■ As to the exclusion of defendant Bernard from the rink after the accident, such evidence would have no tendency to show knowledge or appreciation of the danger of skating backward, and it was correctly held inadmissible. See *Diversified Metals Corp. v. Aaron Ferer & Sons, Inc.,* 498 S.W.2d 783, 786 (Mo.1973); *Stoeppelman v. Hays-Fendler Construction Co.,* 437 S.W.2d 143, 152 (Mo.App.1968).

■ We do not need to consider whether the evidence was admissible as against Skateland for, assuming that its exclusion was error, it was harmless error since no submissible case would have been made against Skateland. Rule 84.13(b); *Renshaw v. Reynolds,* 317 Mo. 484, 297 S.W. 374, 378 (1927); *Thomas v. Aines Farm Dairy,* 257 S.W.2d 228, 236 (Mo.App.1953); *Rolla Produce Co. v. American Railway Express Co.,* 205 Mo.App. 646, 226 S.W. 582, 583 (1920).

■ On the afternoon in question, the skating session had commenced at 5 o'clock. The birthday party consisted of 14 children, ages 7 through 10, who were accompanied by 7 adults. Plaintiff Gary Lee Chaney was described as a beginning skater.

Defendant Frank Bernard had come to the rink along with his two younger brothers, 14 and 15 years of age. Other patrons had arrived so that by the time the collision between defendant Bernard and plaintiff Gary Lee Chaney took place, there were

probably 20 or 30 skaters. The rink is large enough to accommodate as many as 600 skaters at one time.

The only description of the collision was that of defendant Frank Bernard, who said: "I skated backwards for approximately 10 seconds." "I was skating backwards. I looked to my left. Before I could look to my right, something hit me in the lower part of the back. I knocked him down, fell over him. I came down on my tailbone, landed on the bottom part of his back."

There is no evidence that Bernard had been skating in any erratic or dangerous manner before the accident took place, so as to place the rink supervisor, Mary Bringus, upon notice and to impose upon her the duty to take precautionary measures for the protection of the other patrons. The fact that he had on two earlier occasions been cautioned against skating backward without watching where he was going, to slow down, and to quit weaving, when added to the testimony which was before the jury, still does not make a submissible case. For aught that appeared to the rink supervisor on the day of the accident, the warnings had been effective and his negligent conduct had been corrected. The case is ruled by *Reay v. Reorganization Investment Co.,* 224 S.W.2d 580 (Mo.App.1949). The court said:

> The proprietor of a place of amusement is not an insurer of the safety of invitees and those who patronize the place assume the risks ordinarily incident to the sport or game in progress....
>
> Falling and colliding with other skaters is not an extraordinary occurrence for those indulging in that form of exercise. One who skates assumes those risks and the proprietor of a skating rink is not liable for acts of third persons that bring about such mishaps unless he fails to use ordinary care to protect his patrons. The defendant did not fail to exercise the required degree of care unless it knew or by the exercise of ordinary care should have known that the third person was acting in a manner likely to cause harm to others in time to have stopped such conduct before plaintiff was injured....
>
> Since there was no proof that the defendant knew of any dangerous conduct or that there was any dangerous conduct that it should have known of if it had been exercising ordinary care, the court properly held that the evidence was not sufficient and that the jury should have been directed to return a verdict in favor of the defendant.

224 S.W.2d at 582.

Judgment affirmed as to defendant Skateland, and reversed and remanded for a new trial as to defendant Bernard.

All concur.