[No. 8793. Department One. June 23, 1910.]

# P. L. C. OLMSTEAD, *Respondent*, v. THE CITY OF OLYMPIA, *Appellant*.[1]

APPEAL—REVIEW—VERDICT. A verdict supported by substantial evidence cannot be set aside on appeal because of conflict in the testimony, or because against the weight of the evidence.

TRIAL—VERDICT—SPECIAL VERDICTS. A general verdict against a city for injuries sustained through a defect in a planked street is not contradicted or controlled by a special finding to the effect that the defect, if seen by an ordinarily prudent man prior to the accident, was not such as to lead him to anticipate that an accident was likely to result; since the interrogatory was general and applicable to several classes of persons and not sufficiently restricted to the circumstances of the case.

TRIAL—INSTRUCTIONS. Error cannot be predicated on instructions isolated from their context, if the charge as a whole is correct.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered July 21, 1909, upon the

[1]Reported in 109 Pac. 602.

verdict of a jury rendered in favor of the plaintiff, in an action for damages sustained by reason of a defective street. Affirmed.

*George R. Bigelow,* for appellant.

*Troy & Sturdevant,* for respondent.

FULLERTON, J.—The respondent, Olmstead, brought this action against the appellant, city of Olympia, to recover damages for an injury caused his horse while the animal was being driven on one of the streets of the appellant city. At the place where the injury occurred the street was planked. The planks used were three inches by twelve inches in size and of varying lengths, were laid crosswise with the course of the street, on stringers running parallel therewith. Where the planks did not reach the entire width of the roadway they were laid end to end and spiked to the stringers. At one of these junctions a plank was used which had been partially cut away at one corner so that when it was laid against the abutting board it left a triangular shaped hole some six inches across at its widest place, and of a depth equal to the thickness of the plank. The horse stepped into this hole, caught the heel of his shoe therein in some manner, and tore away the greater part of his hoof in his effort to extricate his foot.

The jury before whom the case was tried returned a general verdict in favor of the respondent, and returned answers to certain interrogatories submitted to them by the court as follows:

"(1)  Was the defect in the street which caused this injury such a defect as would be noticed by ordinary passers-by not knowing of the accident?  Answer: No.

"(2)  Was the defect in the street which caused this injury such a defect as would lead an ordinary prudent man not knowing of the accident to pay particular attention to it? Answer: No.

"(3)  If the defect in the street which caused this injury was to have been seen by an ordinary prudent man prior to

the accident, was the defect such a defect as would lead him to anticipate that an accident was likely to result therefrom? Answer: No."

The first assignment of error now open to the appellant is the ruling of the court denying its challenge to the sufficiency of the evidence to sustain a verdict in favor of the respondent. It is argued, with much earnestness and force, that the evidence fails to show knowledge on the part of the city, either actual or constructive, of the existence of the hole causing the injury, or that the hole itself was of such a nature as would lead the city officers in the exercise of due care on their part to believe that an accident was likely to result therefrom. An examination of the record has convinced us that the jury might well have found with the city on these questions. Indeed, we think that the preponderating weight of the evidence is with that side of the controversy. But we are without authority, nevertheless, to interfere with the verdict. There is substantial evidence in the record tending to support the respondent's case; and such being the fact it was within the province of the jury to make the decision they did make, and we have no lawful right to interfere therewith. As we have said on other occasions, to hold otherwise is to make this court the final arbiter on questions of fact as well as of law, and to deny to litigants their constitutional right of trial by jury.

It is next argued that the answers to the interrogatories have the force of special verdicts, that these are inconsistent with the general verdict, and the rule is invoked that where both special and general verdicts are returned, the one inconsistent with the other, the special verdict controls. We think, however, there was no such inconsistency as to require a reversal of the judgment. The only one of the answers returned that could be said to conflict with the general verdict is the answer to the third interrogatory. But the rule therein stated does not measure the duty of the city with reference to this particular case. The test of negligence is not what

an ordinarily prudent person would do or omit to do generally, but what an ordinarily prudent person would do or omit to do under circumstances like and similar to those surrounding the person whose conduct is under test. In other words, negligence is the want of care required by the circumstances. For example, the discovery of the hole in question might not excite apprehension in the mind of an ordinarily prudent person whose property was in no danger therefrom, or who had no duty to perform in reference thereto, such as the ordinary pedestrian, or a person riding on a bicycle or driving an automobile, while it might at once excite apprehension in the mind of such a person driving a team of horses, or who is charged with the duty of keeping the street in repair for the prevention of accidents to animals. The question submitted to the jury, it will be observed, points with as much directness to the first class of persons mentioned as it does to the latter. We think, therefore, that it was too indefinite to be allowed to control the general verdict.

Some criticism is made of the instructions of the court to the jury, but we find it unnecessary to notice them specifically. In one or two instances the judge might have found more appropriate words in which to express his meaning, but the charge as a whole is correct, and this is the ultimate test. When the charge as a whole fully and fairly states the law of the case to the jury, it is not erroneous even though expressions can be found therein which, isolated from their context, state the law too broadly.

The judgment is affirmed.

RUDKIN, C. J., GOSE, and CHADWICK, JJ., concur.