[No. 38600. Department Two. April 20, 1967.]

MICHAEL GORDON, *Respondent*, v. DEER PARK SCHOOL DISTRICT No. 414, *et al.*, *Appellants*.*

*Reported in 426 P.2d 824.

*John D. MacGillivray, Willard W. Jones,* and *Hamblen, Gilbert & Brooke (Fred W. Gilbert,* of counsel), for appellants.

*Kathleen M. Taft* and *Robert A. Southwell,* for respondent.

April 1, 1963, Michael Gordon, a minor, was watching a game of softball being played on the school grounds. Michael was standing approximately 23 feet to the rear of the batter near the position of the "on-deck circle." He was injured by being struck on the head with a baseball bat, which was released by William L. Wetzler, one of the school instructors, who was batting in a game of "work-up" with the students.

Vern Gordon, the father, natural guardian and guardian ad litem of the minor, Michael Gordon, commenced this action against the Deer Park School District No. 414 and William L. Wetzler and wife to recover damages sustained by Michael. The complaint alleged, *inter alia,* that Mr. Wetzler was negligent in releasing the bat and in failing to properly supervise the children in his care, and that the school district was negligent in failing to provide a safe place for the children and to properly supervise them while on school premises. The case was tried to the jury which rendered a verdict for defendants.

The plaintiff moved for a new trial on the ground that a juror was prejudiced which denied him the constitutional guarantee of a fair trial by 12 unbiased jurors. He asserted that, upon retrial, the cause should be submitted to the jury on the issue of damages only because the evidence established that Mr. Wetzler was guilty of negligence as a matter of law. The court granted the motion for a new trial and limited it to the issue of damages only. The defendants have appealed.

The appellants set forth five assignments of error which may be summarized: (1) that the trial court erred in granting a new trial because of the alleged prejudice of the juror; and (2) that the trial court erred in finding negligence as a matter of law and in limiting the new trial to the issue of damages only.

With reference to (1), the record establishes that the court on voir dire asked the jury panel the following questions:

> Now I want to ask you a few questions and if your answer is yes, would you please raise your hand and counsel can make note of that and they will ask you more about it later on. . . . Do any of you have any preconceived notions when you come into a case of this kind that would cause you to have any feelings or prejudices for either party in this action or against either party in this action?

No juror indicated any preconceived feeling or prejudice for or against any of the parties.

When Mr. Howard R. Patrick was accepted as a juror and the cause submitted to the jury for deliberation, he volunteered to serve as foreman of the jury and was so elected. After the jury returned its verdict for the appellants (defendants), Mr. Patrick approached the attorney for the respondent (plaintiff) and stated: "Why didn't you ask me what I thought about teachers? I was just waiting for you to ask me what I thought and I really would have told you. I think they're treated as second rate citizens and I'm tired of seeing them treated that way. My mother was a teacher."

The trial court in applying Rule of Pleading, Practice and Procedure 59.04W, RCW vol. 0, which authorizes the granting of a new trial for an irregularity affecting substantial rights of the parties, held that by Mr. Patrick's failure to raise his hand in answer to its question relating to feelings of prejudice, he misled the attorney for respondent into believing that he had no feeling or prejudice either for or against school teachers, and that this irregularity merited the granting of a new trial. We agree. The

express prejudice of the juror Patrick caused an "irregularity" in the proceedings which materially affected the "substantial rights" of the respondent. *Allison v. Department of Labor & Indus.*, 66 Wn.2d 263, 401 P.2d 892 (1965), and cases cited. The court did not err in granting a new trial on this ground.

Did the trial court err in finding negligence as a matter of law on the part of the appellants and in limiting the new trial to the question of damages only?

 In approaching this question, we are bound by the following well-established rules of law. (1) Negligence is the failure to exercise reasonable or ordinary care. *Olmstead v. Olympia*, 59 Wash. 147, 109 Pac. 602 (1910). (2) Reasonable or ordinary care is that degree of care which an ordinarily careful and prudent person would exercise under the same or similar circumstances or conditions. *La Moreaux v. Fosket*, 45 Wn.2d 249, 273 P.2d 795 (1954); *Chadwick v. Ek*, 1 Wn. 2d 117, 95 P.2d 398 (1939). (3) Negligence is never presumed but must be established by a preponderance of the evidence by the one asserting it. *Charlton v. Baker*, 61 Wn.2d 369, 378 P.2d 432 (1963). (4) The fact that an accident occurred does not in and of itself establish negligence. *Haydon v. Bay City Fuel Co.*, 167 Wash. 212, 9 P.2d 98 (1932). (5) Whether one who is charged with negligence has exercised reasonable care is a question of fact for the jury. *Scott v. Pacific Power & Light Co.*, 178 Wash. 647, 35 P.2d 749 (1934). (6) A trial judge cannot adjudicate a person guilty of negligence as a matter of law unless the following elements are present: (a) the circumstances of the case are such that the standard of duty is fixed and the measure of duty defined by law and is the same under all circumstances; and (b) the facts are undisputed and only one reasonable inference can be drawn therefrom. *Baxter v. Greyhound Corp.*, 65 Wn.2d 421, 397 P.2d 857 (1964); *Richardson v. Pacific Power & Light Co.*, 11 Wn.2d 288, 118 P.2d 985 (1941). (7) In order to hold that negligence has been proven by a plaintiff as a matter of law, the court must find that there

is neither evidence nor reasonable inference therefrom to support a verdict for a defendant. *Miller v. Payless Drug Stores of Wash., Inc.,* 61 Wn.2d 651, 379 P.2d 932 (1963). (8) The evidence must be viewed by the court in the light most favorable to the nonmoving party. *Bunnell v. Barr,* 68 Wn.2d 771, 415 P.2d 640 (1966). (9) In passing upon the sufficiency of the evidence to establish negligence or the lack of it, the court cannot weigh the evidence and thereby resolve disputed issues of fact. *Lambert v. Smith,* 54 Wn.2d 348, 340 P.2d 774 (1959).

The respondent's case in chief on the issue of liability consisted primarily of the testimony of Mr. Wetzler as an adverse witness. He was later called by the appellants in their case in chief. Mr. Wetzler's testimony established, *inter alia,* that he had been teaching for a period of 3 years; that he was a person experienced in playing baseball; and that he considered Michael Gordon to be in a safe place. In this regard, he testified as follows:

Q. So far as any chance of a bat being thrown in your experience what dangers were presented by this location so far as the possibility of a thrown bat? A. Well, I have, I have played ball ever since I was small, Little League and Legion ball, and I played a couple of years of semi-pro ball. I have umpired—I was a member of the Umpire Association, and in all my dealings with baseball I have never seen a bat released in a direction—normally it is as a batter swings and strides into the ball, the momentum will carry the bat in the general direction of the infield, and from all past experiences I have never seen this happen. Q. Well, as far as you are concerned, Mr. Wetzler, was Mike Gordon and the couple of boys with him that you were aware were there, were they where they had a right to be and in a safe place? A. Yes. I feel that they would, and from the experiences I had and if this were a different type of ball park and if they were to play a game on it, an on-deck circle or an area that would be for a batter to be on deck and warming up, this would be in the same area where Mike was standing which would be considered a safe area.

He also testified that he had never before had a bat slip from his hands; that he had never before seen a bat re-

leased to the rear of the batter, as occurred on the day in question; that he had no reason to anticipate that it would slip from his hands on this occasion; that he did not swing the bat unusually hard; that he did not consciously release his grip on the bat or do anything which would have caused the bat to be released; but that the bat did slip from his hands irrespective of the care which he customarily exercised in playing baseball, and that from some involuntary muscular reflex or unexpected failure of muscular coordination, the bat did slip from his hands, striking and injuring Michael, who was some 23 feet behind him.

In the light of this testimony, our quaere is: Could reasonable minds differ in resolving the factual issues (1) whether Mr. Wetzler exercised ordinary care under the circumstances, and (2) whether the risk of injuring another which Mr. Wetzler assumed in playing baseball with the children was an unreasonable risk under the circumstances, or (3) could injury to another have been reasonably anticipated.

■ In *Winsor v. Smart's Auto Freight Co.*, 25 Wn.2d 383, 387, 171 P.2d 251 (1946), quoting with approval from 1 Shearman & Redfield, Negligence § 24, at 50, we said:

"Foresight, not retrospect, is the standard of diligence. It is nearly always easy, after an accident has happened, to see how it could have been avoided. But negligence is not a matter to be judged after the occurrence. It is always a question of what reasonably prudent men under the same circumstances would or should, in the exercise of reasonable care, have anticipated."

And further we cited with approval, at 388, Restatement, Torts § 289, at 762:

"*Comment*: b. . . . In order that an act may be negligent it is necessary that the actor should realize that it involves a risk of causing harm to some interest of another, such as the interest in bodily security, which is protected against unintended invasion. But this of itself is not sufficient to make the act negligent. Not only must the act involve a risk which the actor realizes or should realize, but the risk which is realized or should be realized must be unreasonable."

Considering the evidence in the light most favorable to appellants, the jury could find: (1) that Mr. Wetzler, in the light of his experience in playing baseball with the children, did exercise ordinary care under the circumstances; (2) that the risk which he assumed in playing baseball with the children was not an unreasonable risk under the circumstances; and (3) that injury to another, particularly to Michael, could not have been reasonably anticipated. On the other hand, in considering these same facts, the jury could find that Mr. Wetzler did not exercise ordinary care under the circumstances as above defined, and that the risk of harm was unreasonable and reasonably foreseeable.

Applying the above set out rules to the factual issues here present, we hold that the trial court erred in its determination that Mr. Wetzler at the time and place in question was negligent as a matter of law. The determination of this factual issue is for the jury.

The judgment appealed from is modified and the cause is remanded with instructions to grant a new trial upon all issues.

FINLEY, C. J., DONWORTH and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.[1]

---

[1] This opinion was prepared and approved by Judge Richard B. Ott prior to his retirement as a member of the Washington State Supreme Court as of April 1, 1967.