**FILED**

**JULY 6, 2017**

In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| RICHARD L. MOORE, JR., and | ) | No. 34457-6-III |
| MICHAELENE L. MOORE, husband and | ) | |
| wife, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RANDALL POLTZ and KATHRYN | ) | |
| POLTZ, husband and wife, individually, | ) | |
| and the marital community comprised | ) | |
| thereof, | ) | |
| | ) | |
| Respondents. | ) | |

LAWRENCE-BERREY, A.C.J. — Richard Moore and Michaelene Moore appeal

from a jury verdict finding Randall Poltz and Kathryn Poltz not negligent. The Moores

argue the trial court erred by denying their preverdict and postverdict motions that the

Poltzes were negligent as a matter of law and by not giving two of their proposed jury

instructions. We disagree with these arguments and affirm.

FACTS

*Background facts*

Randall Poltz asked his brother-in-law Richard Moore, a skilled carpenter, to come to his house and caulk the top of a 17 foot ceiling in his foyer. The two had a history of exchanging favors.

Mr. Poltz borrowed a 14 foot orchard ladder[1] and set it up in the foyer so Mr. Moore could reach the area in need of caulking. The base of one of the legs was damaged, but Mr. Poltz did not notice this. To protect his hardwood floor in the foyer, Mr. Poltz set the base of the ladder on a rug, and the pole of the ladder on a different rug. The rugs did not have skid resistant rubber backing. Mr. Poltz then tested the ladder's stability by ascending it halfway and bouncing on it three or four times. The ladder did not move under this testing.

Later that evening, Mr. Moore arrived at the Poltzes' house for dinner. After dinner, he began the caulking project. Mr. Moore did not test the ladder or examine the

---

[1] An orchard ladder has two points of contact at the base and a pole (or tongue) which swivels in and out. The pole is designed to swivel so that its placement can be adjusted, depending on the location of branches that the user might want to reach. The base of the pole is safe for orchard use because the downward weight on the ladder causes the pole to sink slightly into the dirt, which prevents the pole from slipping. The use of an orchard ladder on a smooth hard surface, however, is risky. Because the pole can slide out on a smooth hard surface—unless the user can place the pole against a stable wall or

rugs before ascending the ladder. After Mr. Moore ascended the ladder and began to reach, the ladder twisted and the pole began to slip. Mr. Moore jumped off the moving ladder to avoid crashing into a large glass chandelier. The force of his landing caused bones to shatter in his ankle and foot. He was unable to work for a period of time afterward. The Moores brought suit against the Poltzes on the theory that Mr. Moore was a business invitee, and Mr. Poltz was negligent in setting the orchard ladder.

At trial, the Moores presented witnesses on the issues of liability and damages. On liability, the Moores called Mr. Poltz for brief testimony: "Now, sir, 'yes' or 'no,' did you previously testify, under oath . . . at your deposition, that you miss-set the ladder?" Report of Proceedings (RP) at 474. Mr. Poltz answered: "Yes, I said that." RP at 474. Mr. Poltz's own counsel questioned him further on this point. Mr. Poltz explained that at the time he set the ladder, he thought the ladder was safe. He further explained that the basis of his belief was he had tested the ladder by partway ascending it and bouncing on it.

At the close of the Moores' case, they moved for a directed verdict on the issue of liability. They argued that Mr. Poltz admitted that he miss-set the ladder. The Poltzes responded that liability was an issue of fact because there was evidence from which a

corner—the use of an orchard ladder on such a surface risks injury to the user.

3

rational trier of fact could find Mr. Poltz's actions were reasonable. The trial court agreed, and allowed the issue of liability to go to the jury.

Later, the parties discussed the proposed jury instructions that they had submitted. After hearing comments, the trial court assembled its proposed instructions and asked for exceptions and objections. The Moores did not take exception to the trial court's failure to give any specific instruction.

The parties gave their closing arguments. The jury, applying the heightened business invitee standard of care to Mr. Poltz, found that he was not negligent. The Moores later filed a motion for judgment as a matter of law on the issue of negligence. The trial court denied the Moores' motion. The Moores timely appealed.

## ANALYSIS

A.    THE TRIAL COURT PROPERLY SUBMITTED THE ISSUE OF NEGLIGENCE TO THE JURY

The Moores contend the trial court erred when it submitted the issue of negligence to the jury and when it denied their related postjudgment motion for judgment as a matter of law. They contend that Mr. Poltz admitted he was negligent. We disagree.

We review de novo a trial court's decision to grant or deny a motion for judgment as a matter of law. *Alejandre v. Bull*, 159 Wn.2d 674, 681, 153 P.3d 864 (2007). Judgment as a matter of law is appropriate when, viewing the evidence in favor of the

4

nonmoving party, there is no substantial evidence or reasonable inference to sustain a verdict in favor of the nonmoving party. *Sing v. John L. Scott, Inc.*, 134 Wn.2d 24, 29, 948 P.2d 816 (1997). Substantial evidence is evidence sufficient "to persuade a rational, fair-minded person that the finding is true." *Cantu v. Dep't of Labor & Indus.*, 168 Wn. App. 14, 21, 277 P.3d 685 (2012).

In a negligence action, the plaintiff must prove the following four elements: (1) existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. *Degel v. Majestic Mobile Manor, Inc.*, 129 Wn.2d 43, 48, 914 P.2d 728 (1996). Negligence is the failure to exercise reasonable or ordinary care, which an ordinarily careful and prudent person would exercise under the same or similar circumstances or conditions. *Gordon v. Deer Park Sch. Dist. No. 414*, 71 Wn.2d 119, 122, 426 P.2d 824 (1967).

> "Foresight, not retrospect, is the standard of diligence. It is nearly always easy, after an accident has happened, to see how it could have been avoided. But negligence is not a matter to be judged after the occurrence. It is always a question of what reasonably prudent men under the same circumstances would or should, in the exercise of reasonable care, have anticipated."

*Id.* at 124 (internal quotation marks omitted) (quoting *Winsor v. Smart's Auto Freight Co.*, 25 Wn.2d 383, 387, 171 P.2d 251 (1946)). As the fact finder, a jury has the right to

5

believe or disbelieve any evidence. *Scanlan v. Smith*, 66 Wn.2d 601, 603, 404 P.2d 776 (1965).

Here, the jury heard Mr. Poltz say that he had miss-set the ladder. However, the jury also heard the details of how Mr. Poltz set the ladder before the accident. He climbed the ladder halfway and bounced on it three or four times to test its stability. The ladder did not move under this testing. The jury was free to consider both statements and determine that Mr. Poltz—at the time he set up the ladder—exercised reasonable care. When viewed in the light most favorable to the Poltzes, the nonmoving party, substantial evidence supports the jury's verdict.

B.    THE MOORES FAILED TO PRESERVE THE ALLEGED INSTRUCTIONAL ERROR FOR REVIEW

The Moores contend the trial court erred when it failed to give the jury two of their proposed instructions, those based on 6A *Washington Practice: Washington Pattern Jury Instructions: Civil* (WPI) 120.07 at 26 (6th ed. 2012) and WPI 120.06.02 at 20. We conclude the Moores failed to preserve this issue for review.

When objecting to the giving or refusing of an instruction, CR 51(f) requires "[t]he objector [to] state distinctly the matter to which counsel objects and the grounds of counsel's objection, specifying the number, paragraph or particular part of the instruction

6

to be given or refused and to which objection is made." This requirement is not a mere

technicality.

> The purpose of this rule is to clarify, at the time when the trial court has
> before it all the evidence and legal arguments, the exact points of law and
> reasons upon which counsel argues the court is committing error about a
> particular instruction. Therefore, the objection must apprise the trial judge
> of the precise points of law involved and when it does not, those points will
> not be considered on appeal.

*Stewart v. State*, 92 Wn.2d 285, 298, 597 P.2d 101 (1979) (citations omitted); *see also*

*Millies v. LandAmerica Transnation*, 185 Wn.2d 302, 310, 372 P.3d 111 (2016) (noting

that hypertechnicality is not required, and an appellate court should review the record to

determine whether an appellant argued the issue to the trial court sufficiently to apprise

that court of the basis of any claimed error).

Here, the Moores did not take exception to the trial court's failure to give their two

proposed instructions that they now on appeal claim should have been given. Nor did the

Moores argue to the trial court why these two proposed instructions should have been

given. Their failure to take exception and explain to the trial court why their two

proposed instructions should be given deprived the trial court the opportunity to correct

the claimed error on appeal. Because the Moores did not preserve this issue by making a

proper argument below, we decline to review the claimed error.

7

No. 34457-6-III
*Moore v. Poltz*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____    _____
Siddoway, J.                            Pennell, J.

8