# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JUNFANG HE,

        Plaintiff,

        v.

JEFFREY S. NORRIS and TERRI
NORRIS, and the marital community
composed thereof; and JOHN DOES
1-5,

        Defendants.

JEFFREY S. NORRIS and TERRI
NORRIS,

        Appellants,

        v.

FARMERS INSURANCE COMPANY
OF WASHINGTON, a Washington
corporation; AMY ELIZABETH
MARCH, a Washington resident; and
DAN ANDERSON, a Washington
resident,

        Respondents.

No. 76236-2-I

DIVISION ONE

UNPUBLISHED

FILED: <u>March 19, 2018</u>

Cox, J. — Jeffrey and Terri Norris (together "Norris") appeal the trial court's order granting summary judgment to Farmers Insurance Company of Washington and its agents Dan Anderson and Amy Elizabeth March and

dismissing Norris's third party complaint with prejudice. Because there is neither any showing of a duty owed by Farmers nor any genuine issue of material fact whether a special relationship exists, summary judgment is proper. We affirm.

The material facts are largely undisputed. Norris hit Junfang He, a pedestrian, while driving, and He sued Norris for damages that exceeded the liability limits of their auto insurance policy with Farmers Insurance. Farmers offered to settle with the pedestrian for the policy limits, but He refused this offer.

Norris then impleaded Farmers by a third party complaint, claiming negligence. Farmers moved for summary judgment, arguing that it had no legal duty and that no genuine issue of material fact existed regarding any claimed special relationship that might have created a duty. The trial court agreed and dismissed the third party complaint with prejudice.

Norris appeals.

## DUTY

Norris argues that there are genuine issues of material fact whether Farmers owed a duty to Norris, an essential element of the negligence claim. Specifically, they argue that a duty arises because of a special relationship between the parties. We disagree.

"[S]ummary judgment is appropriate where there is 'no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'"[1] Although the evidence is viewed in the light most favorable to the

---

[1] Elcon Constr., Inc. v. E. Washington Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012) (quoting CR 56(c)).

2

nonmoving party, if that party is the plaintiff and it fails to make a factual showing sufficient to establish an element essential to its case, summary judgment is warranted.[2]

Once the moving party shows there are no genuine issues of material fact, the nonmoving party must bring forth specific facts to rebut the moving party's contentions.[3] The nonmoving party must put forth admissible evidence showing the existence of a triable issue.[4] It cannot rely on the allegations contained in its pleadings, conclusory statements, or speculation.[5] If the "nonmoving party fails to controvert relevant facts supporting a summary judgment motion, those facts are considered to have been established."[6] Finally, "[o]n review of an order granting or denying a motion for summary judgment, the appellate court will consider only the evidence and issues called to the attention of the trial court."[7]

---

[2] Young v. Key Pharmaceuticals, Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989), overruled on other grounds by 130 Wn.2d 160 (1996).

[3] Elcon Constr., Inc., 174 Wn.2d at 169.

[4] Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986).

[5] Elcon Constr., Inc., 174 Wn.2d at 169; Young, 112 Wn.2d at 225.

[6] Cent. Washington Bank v. Mendelson-Zeller, Inc., 113 Wn.2d 346, 354, 779 P.2d 697 (1989).

[7] RAP 9.12.

"For a claim of negligence, the plaintiff must establish duty, breach, causation, and damages."[8] The "determination of whether a legal duty exists is initially a question of law for the court."[9]

Washington law is clear—an insurance company and its agents have no duty to review or counsel an insured on the adequacy of coverage unless there is a special relationship between the insured and the agent.[10] A special relationship exists between the agent and insured if: "(1) the agent holds himself out as an insurance specialist and receives additional compensation for consulting and advice, or (2) there is a long-standing relationship, some type of interaction on the question of coverage, and the insured relied on the agent's expertise to the insured's detriment."[11] "[I]n cases where the insured never consulted with the agent about the adequacy of coverage and the agent never gave any advice, courts have held that no special relationship exits."[12]

We review de novo a trial court's summary judgment order.[13]

---

[8] Lipscomb v. Farmers Ins. Co. of Wash., 142 Wn. App. 20, 28, 174 P.3d 1182 (2007).

[9] McClammy v. Cole, 158 Wn. App. 769, 773-74, 243 P.3d 932 (2010) (quoting Gates v. Logan, 71 Wn. App. 673, 676, 862 P.2d 134 (1993)).

[10] McClammy, 158 Wn. App. at 774; Lipscomb, 142 Wn. App. at 28; Shows v. Pemberton, 73 Wn. App. 107, 114-15, 868 P.2d 164 (1994); Gates, 71 Wn. App. at 678; Suter v. Virgil R. Lee & Son, Inc., 51 Wn. App. 524, 528-29, 754 P.2d 155 (1988).

[11] Lipscomb, 142 Wn. App. at 28; see Gates 71 Wn. App. at 677.

[12] Id. at 28-29 (citing Gates, 71 Wn. App. at 677-78; Suter, 51 Wn. App. at 529).

[13] Elcon Constr., Inc., 174 Wn.2d at 164.

Norris fails to argue persuasively that Farmers owes any duty aside from that established by a special relationship. Any other claim would be unsupported by well-established case law in the area of insurance.

Norris argues that there are genuine issues of material fact whether Farmers voluntarily assumed a duty to advise them about liability limits, and then breached that duty. In support, they cite non-insurance cases that recognize a duty "to exercise reasonable and ordinary care."[14] We refuse to consider this argument because Norris fails to cite any authority recognizing such a duty in the insurance context.[15]

Norris relies on the declaration of their expert, J. Kay Thorne, to support their argument that they have raised a genuine issue of material fact whether Farmers and its Agents owed them a duty to review their coverage for gaps and inadequate liability limits. That reliance is misplaced.

Because the existence of a duty is a question of law, Thorne's statements are insufficient to raise a genuine issue of material fact as to the existence of a duty on the part of Farmers and its agents.[16]

Norris also cites to the deposition testimony of Farmers management as support for their argument, claiming that the duty was "described and embraced

---

[14] See, e.g., Gordon v. Deer Park Sch. Dist., No. 414, 71 Wn.2d 119, 122, 426 P.2d 824 (1967).

[15] See Darkenwald v. Emp't Sec. Dep't, 183 Wn.2d 237, 248, 350 P.3d 647 (2015); RAP 10.3(a)(6); King Aircraft Sales, Inc. v. Lane, 68 Wn. App. 706, 717, 846 P.2d 550 (1993).

[16] Suter, 51 Wn. App. at 527.

by Farmers, its managers, and its agents." Again, because the existence of a duty is a question of law, the testimony of Farmers Insurance management is insufficient to raise a genuine issue of material fact whether Farmers had a duty to advise Norris about the liability limits of their insurance policy.[17]

*Special Relationship*

Thus, the question we decide is whether there are any genuine issues of material fact whether a special relationship exists under the circumstances of this insurance case. We conclude that there are no such issues.

The claim is based on the argument that a long-standing relationship between the parties existed, the interactions between Norris and the agents on questions of coverage, and Norris's reliance on the agents' expertise. A careful review of the record shows these claims have no basis in fact.

In support of its summary judgment motion, Farmers submitted declarations from both agents. The declarations established that neither agent ever received compensation or consideration from Norris for consultation or advice on issues involving coverage or policy limits. Norris never discussed liability coverage limits with the agents. Norris did not ask the agents either to recommend higher or lower limits with regards to their auto insurance liability or whether excess or umbrella coverage might be available until after the accident. Instead, Norris only communicated with the agents to add or remove vehicles from the policy or to discuss claims.

---

[17] Id.

Farmers also submitted portions of Norris's deposition testimony where Norris acknowledged that they never paid any money to the agents for providing advice on insurance issues. Norris never discussed policy limits for liability coverage with the agents or asked them about the sufficiency of the liability policy limits. They never spoke either with them or anyone working with them about what would be an appropriate amount of liability coverage, and the agents never offered an opinion on that issue.

In opposition to summary judgment, Norris submitted affidavits of their own as well as from Thorne. They also submitted excerpts from the deposition testimony of Farmers Insurance management. But none of their submissions controvert the material facts supporting the summary judgment motion. That is because the submissions fail to show that Norris discussed their policy liability limits with the agents.[18] Even Thorne admits that there was no evidence of any interaction between Norris and the agents on the issue of auto liability limits. Thus, Norris failed to establish any genuine issue of material fact whether they had a special relationship with the agents.[19]

Norris relies on their long term relationship with Farmers, but case law is clear that, in order to raise a genuine issue of material fact on the existence of a special relationship, the insured must introduce *some* evidence showing that they interacted with the insurance agent regarding the adequacy of coverage. For example, in Lipscomb v. Farmers Insurance Co. of Washington, William

---

[18] See Cent. Washington Bank, 113 Wn.2d at 354.

[19] Seven Gables Corp., 106 Wn.2d at 13.

7

Lipscomb purchased a property and casualty insurance policy for his rental property that had a $100,000 liability limit.[20] Lipscomb's tenant was badly burned when the rental property caught fire, and the damages exceeded the policy limits.[21] Lipscomb sued Farmers and the agent who sold him the policy for negligently failing to ensure that he was adequately insured and failing to advise him of an appropriate liability limit.[22]

Lipscomb claimed that he had a special relationship with his insurance agent because they had a long term relationship, they discussed coverage limits, and the agent had assured him that he was adequately covered.[23] He argued that he relied on his agent's assurances that he was covered and never thought to ask about the adequacy of that coverage.[24]

This court concluded that the record failed to establish any genuine issues of material fact about the existence of a special relationship.[25] There was no evidence that the agent received additional compensation, and Lipscomb failed to establish that he and the agent ever discussed the adequacy of the policy limits.[26] Although the insured and the agent discussed coverage, there was no

---

[20] 142 Wn. App. 20, 22, 174 P.3d 1182 (2007).

[21] Id. at 23.

[22] Id.

[23] Id.

[24] Id. at 25.

[25] Id. at 29.

[26] Id.

special relationship as a matter of law because the insured "did not request advice about whether he should increase his policy limits."[27]

Likewise, in McClammy v. Cole, Division Three of this court held that even though there was an actual exchange between the agent and the insured about improvements to the insured's home and the homeowner's policy limits, there was no special relationship as a matter of law.[28] After making the home improvements, Richard and Mary Lou McClammy (McClammy) went to their insurance agent's office to discuss an increase in their policy premiums.[29] The agent also emailed McClammy regarding premiums and factors that go into the calculation of coverage and rates, but McClammy admitted that they never asked the agent to increase the limits on their homeowner's policy.[30]

The court concluded that there was no special relationship because there was no evidence of any interaction about the adequacy of coverage.[31] McClammy's request for information and the agent's act of providing an estimated cost of replacement figure was not enough.[32]

In their response opposing summary judgment below and in their briefing on appeal, Norris fails to address Lipscomb, McClammy or any of the earlier

---

[27] Id.

[28] 158 Wn. App. 769, 774-76, 243 P.3d 932 (2010).

[29] Id. at 772.

[30] Id.

[31] Id. at 774.

[32] Id. at 775.

cases establishing that, in the absence of a special relationship, an insurance agent has no obligation to review or counsel the insured on insurance liability limits.[33] We must assume Norris has knowledge of these cases, but no means to rebut them with anything that is material.

Instead they rely on Shah v. Allstate Ins. Co. as support for their argument.[34] Such reliance is misplaced.

In Shah, both the trial court and this court appear to have assumed that there was a legally recognized duty.[35] In any event, neither the trial court nor this court identified any authority for that proposition. Thus, we conclude that case is of little or no value in considering the question now before us.

In any event, the insurance agent in Shah specifically told Ratilal and Lalita Shah (Shah) that their insurance premiums were for replacement cost coverage of their property.[36] Because Shah specifically asked about the adequacy of coverage, there were genuine issues of material fact whether the agent was negligent in failing to advise Shah that they had inadequate coverage.[37] Also, because the agent provided Shah with erroneous advice, there was a genuine issue of material fact whether the agent's failure to verify his

---

[33] See, e.g., Shows, 73 Wn. App. at 114-15; Gates, 71 Wn. App. at 677-78; Suter, 51 Wn. App. at 528-29.

[34] 130 Wn. App. 74, 121 P.3d 1204 (2005).

[35] 130 Wn. App. at 81-83.

[36] Id. at 79.

[37] Id. at 83-85.

calculations for the necessary amount of replacement cost coverage caused Shah to underinsure.[38] The record here is unlike that case.

Likewise, Norris misplaces reliance on Peterson v. Big Bend Insurance Agency, Inc.[39] In that case, Roger and Larae Peterson (Peterson) expressly stated that they wanted to insure their home for its full replacement value, and the insurance agent agreed to calculate the replacement cost value.[40] The agent incorrectly advised Peterson on how replacement value would be calculated.[41] In concluding that there was a genuine question of material fact whether a duty existed, the court distinguished cases that "did not involve a specific promise by an agent as part of the agency relationship."[42]

Here, there is no evidence that Norris asked the agents about the adequacy of their insurance. So Norris's reliance on the holdings in Shah and Peterson is misplaced. Because Norris never consulted with the agent about the adequacy of coverage and the agent never gave any advice, Norris failed to establish a genuine issue of material fact whether they had a special relationship with the agents.[43]

---

[38] Id. at 82.

[39] 150 Wn. App. 504, 202 P.3d 372 (2009).

[40] Peterson, 150 Wn. App. at 510.

[41] Id. at 514.

[42] Id. at 517.

[43] McClammy, 158 Wn. App. at 774 (quoting Lipscomb, 142 Wn. App. at 28-29).

## FAILURE TO TRAIN AND SUPERVISE

Norris argues that there are genuine issues of material fact whether Farmers failed to train, supervise, and monitor its agents and whether it failed to take reasonable steps to enforce compliance with the standards that Farmers expects from its agents. We disagree.

Norris concedes that Famers agents are independent contractors. They fail to cite to any authority imposing an obligation on an insurance company to train or supervise an independent contractor. Accordingly, we reject this argument without further discussion.[44]

We affirm the trial court's order granting summary judgment.

_Cox, J._

WE CONCUR:

_Trickey, A.C.J._

_Schindler, J._

---

[44] See Darkenwald, 183 Wn.2d at 248.